# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

NAN HUANG,

                Petitioner,

    v.

BRIAN BIRKHOLZ,

                Respondent.

Case No. 2:24-cv-09187-HDV-PD

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

## I.    Pertinent Procedural History and Petitioner's Contentions

On October 24, 2024, Petitioner Nan Huang, who was an inmate at the Federal Correctional Institution Lompoc II ("FCI Lompoc II") in Lompoc, California, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition").[1]  [Dkt. No. 1.]  Petitioner challenges the Bureau of Prisons ("BOP") calculation of his earned time credits ("ETCs") under the First Step Act ("FSA") toward his release from BOP custody.  [Id.]  Petitioner alleges that the BOP failed to credit him with FSA time credits of 70 days for the period between his sentencing on February 21, 2024, and his designation into

---

[1] Petitioner was released from BOP custody on December 13, 2024.  *See* https://www.bop.gov/inmateloc// (last visited March 7, 2025).

FCI Lompoc II on September 16, 2024.  [Id. at 6-7.][2]   Petitioner contends that he should have been released on October 18, 2024, six (6) days prior to the date he filed the Petition.  [Id. at 13.]

On January 13, 2025, Respondent filed a Motion to Dismiss contending that the Petition is moot because the BOP awarded Petitioner 20 days of FSA time credits and released Petitioner from BOP custody to the custody of U.S. Immigration and Customs Enforcement ("ICE") on December 13, 2024.  [Dkt. No. 9 at 3-5, Declaration of Jennifer Vickers ("Vickers Decl.") at ¶¶ 2, 9; Attachment 8.]   Respondent further asserts that the BOP applied twenty (20) days of FSA time credits towards his sentence, moving his projected release date from January 4, 2025, to December 13, 2024.  [Id. at ¶¶ 7, 8; Attachments 6, 7.]  Finally, Respondent contends that Petitioner failed to exhaust his administrative remedies and that the Court lacks jurisdiction to review the BOP's determination regarding time credits and prerelease options.[3]  [Dkt. No. 13 at 7-12.]

Petitioner did not file an opposition.[4]  For the reasons set forth below, the Motion to Dismiss the Petition is Granted.

## II.    DISCUSSION

### A.    The Petition is Moot

"The case or controversy requirement of Article III ... deprives federal courts of jurisdiction to hear moot cases." *Native Vill. of Nuiqsut v. Bureau of Land Mgmt.*, 9 F.4th 1201, 1208 (9th Cir. 2021) (internal quotation marks and

---

[2] The Court uses the page numbers inserted on the pleadings by the electronic docketing system.

[3] Because the Court finds the Petition moot, it declines to address Respondent's other arguments regarding exhaustion of administrative remedies and lack of jurisdiction over the BOP's administrative functions calculating FSA time credits.

[4] Petitioner's failure to file an Opposition may be deemed consent to granting the Motion.  *See* C.D. Cal. L. R. 7-12.

citation omitted).  "A case that becomes moot at any point during the proceedings 'is no longer a "Case" or "Controversy" for purposes of Article III,' and is outside the jurisdiction of the federal courts." *United States v. Sanchez-Gomez,* 584 U.S. 381, 385-86 (2018) (citation and some quotation marks omitted).  "A claim is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Pizzuto v. Tewalt*, 997 F.3d 893, 903 (9th Cir. 2021) (citation omitted).  Dismissal based on mootness is justified "if it is absolutely clear that the litigant no longer has any need of the judicial protection that it sought." *Id*. (cleaned up).

As Petitioner has obtained the sole remedy he sought, an award of earned time credits and release, his claim is moot as there is no relief for this Court to provide, and the action must therefore be dismissed.  *See Kittel v. Thomas*, 620 F.3d 949, 951–52 (9th Cir. 2010) (holding habeas petition properly dismissed as moot where the legal dispute raised in the petition was conclusively resolved).

Accordingly, IT IS ORDERED that Respondent's motion to dismiss the Petition is granted and that Judgment be entered dismissing the Petition with prejudice.

DATED:  _3/11/2025_____

_____
HON. HERNAN D. VERA
UNITED STATES DISTRICT JUDGE